UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HUSAM M. AZZAM, ) | Case No. 07-16591-RS |
| ) | |
| Debtor. ) | |

### AFFIDAVIT OF D. ETHAN JEFFERY IN SUPPORT OF APPLICATION BY DEBTOR AND DEBTOR-IN-POSSESSION TO RETAIN HANIFY & KING, PROFESSIONAL CORPORATION AS COUNSEL

Pursuant to Fed. R. Bankr. P. 2014(a) and 2016, MLBR 2014-1, and 28 U.S.C. § 1746, I, D. Ethan Jeffery, hereby state as follows:

1. I am a shareholder of the law firm of Hanify & King, Professional Corporation, One Beacon Street, Boston, Massachusetts ("H&K"). I make this affidavit (the "Affidavit") in support of the *Application by Debtor and Debtor-in-Possession to Retain Hanify & King, Professional Corporation as Counsel* (the "Application") filed by Husam M. Azzam, the above-referenced debtor and debtor-in-possession (the "Debtor"). I am generally familiar with the business of H&K and have made inquiry concerning the facts set forth herein prior to making this Affidavit.

2. H&K maintains records of all of its clients, the matters on which it represents its clients, and the other parties which have a substantial role in such matters. H&K has reviewed such records and documents to determine H&K's connections with the Debtor, and those entities listed by the Debtor as being either secured creditors or unsecured creditors. I have reviewed the list of attorneys who have entered appearances on behalf of the aforementioned entities. In

addition, I caused an e-mail to be sent to all attorneys at H&K, which requested that I be alerted to any matter in which H&K was in a position adverse to the Debtor.

3. Based upon the review, described above, in accordance with Bankruptcy Rule 2014(a), neither I nor any shareholder or associate of H&K, insofar as I have been able to ascertain, has any connections or relationships with the Debtor, his creditors or any other parties-in-interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, except that Kathleen Cruickshank, an associate at H&K, was formerly employed by the Office of the United States Trustee.

4. Based upon the review as describe above, I am not presently aware of any representation by H&K of any creditors of the Debtor or other parties-in-interest. Because of the size and diversity of H&K's practice, it is possible that H&K may represent or may have represented other creditors, equity security holders, or parties-in-interest or their respective attorneys and accountants, but does not represent any such entity in connection with the Debtor. With respect to the parties listed above, H&K has not and will not represent such parties in any matters related to the Debtor's bankruptcy case.

5. H&K does not represent, nor is it represented by, any other authorized professional specifically in connection with this case or on a regular basis or in connection with a substantial matter in another case.

6. The Debtor intends to retain various professionals during the pendency of this case. H&K will take steps not to unnecessarily duplicate the efforts of any other professional retained in these cases. In that regard, H&K will coordinate with all other professionals retained in these cases to ensure that H&K does not unnecessarily duplicate work being performed by other professionals.

7.  Insofar as I have been able to ascertain, based on the review as described above, H&K, the shareholders and associates thereof, and I do not hold or represent any interest adverse to that of the Debtor's estate. Notwithstanding the disclosure contained in paragraph three, I believe that I and each shareholder and associate of H&K is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14). Furthermore, insofar as I have been able to ascertain, neither H&K, any shareholder or associate thereof, nor myself, is connected with any Bankruptcy Judge in the District of Massachusetts, or the United States Trustee or any person employed in the office of the United States Trustee, so as to render the appointment of H&K as counsel for the Debtor inappropriate under Fed. R. Bankr. P. 5002(b).

8.  H&K and I have conducted, and will continue to conduct, research into any relationships we may have with the Debtor and his creditors, any accountants, attorneys or other professionals of the foregoing, and any other parties interested in this case. Although H&K has undertaken, and will continue to undertake, an investigation to identify any contacts with the Debtor or parties-in-interest, it is possible that such contacts have not been revealed. To the extent any such contacts are discovered, H&K will notify the Court by filing and serving a supplemental affidavit.

9.  Any compensation, fee or allowance which may be claimed by me or by H&K will belong wholly to the law firm and will not be divided, shared or pooled, directly or indirectly, with any other person or firm.

10.  H&K will seek compensation based upon its normal and usual hourly billing rates, and will seek reimbursement of expenses. From time to time, H&K adjusts its usual hourly billing rates in the ordinary course of its business. In the event of such an adjustment,

::ODMA\PCDOCS\DOCS\483700\1

H&K will seek compensation at the adjusted hourly rate from and after the date of the adjustment.

11. Prior to the Petition Date, the Debtor provided H&K with a security retainer of $25,000 (the "Retainer") for services rendered or to be rendered in connection with its advice to the Debtor. Subject to the Court's approval of H&K as counsel to the Debtor, the Retainer will be held by H&K in its Client Funds Account as security during this case. The Retainer is not intended to be applied until all alternative sources of payment have been exhausted.

12. I shall amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstances relating thereto.

13. I have reviewed the provisions of MLBR 2016-1.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

/s/ D. Ethan Jeffery

D. Ethan Jeffery (BBO #631941)
Hanify & King, Professional Corporation
One Beacon Street
Boston, MA 02108
Tel: (617) 423-0400
Fax: (617) 556-8985
dej@hanify.com

Dated: October 25, 2007